UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GUADALUPE R. MEYER,

                  Plaintiff,                                Hon. Richard Alan Enslen

v.                                                Case No. 1:05 CV 512

MICHIGAN PAROLE BOARD, *et al.*,

                  Defendants.

_____/

## JUDGMENT

      This matter is before the Court on Plaintiff's Motion for a Default Judgment.  For the reasons discussed below, Plaintiff's motion is **denied** and this matter **dismissed**.

      On June 10, 2005, Plaintiff filed the present action in the United States District Court for the Eastern District of Michigan.  Service was effected on Defendants on July 25, 2005.  Four days later, the matter was transferred to this Court.  On August 22, 2005, Plaintiff filed the present motion seeking entry of default for Defendants' failure to timely respond.  On September 9, 2005, Defendants filed an Answer to Plaintiff's Complaint and also submitted a response to the present motion.

      Defendants assert that due to a clerical error, the Attorney General's Office failed (for a very brief period of time) to properly monitor the status of this action.  As soon as this error came to light, Defendants' counsel immediately filed an answer to Plaintiff's Complaint and submitted a response to the present motion.  While Defendants' Answer was untimely (by less than one month), there is no evidence that they acted with recklessness or disregard for the Court.  *See Southern Elect. Health Fund v. Bedrock Serv.*, 2005 WL 1993296 at *3 (6th Cir. Aug. 16, 2005) (default is appropriate only

where the defendant acts with "an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings").

There is no evidence that Plaintiff has been prejudiced by Defendants' failure to timely respond.  Furthermore, as discussed below, Plaintiff's Complaint fails to state a claim upon which relief may be granted.  These factors further weigh against granting Plaintiff's motion.  *Id.*  Accordingly, the Court denies Plaintiff's Motion for Default Judgment.

The claims asserted in Plaintiff's complaint arise from the events surrounding her April 26, 2005 parole hearing.  During her parole hearing, Plaintiff was questioned about the crimes of which she has been convicted and for which she is presently incarcerated.  Plaintiff asserts that such questioning violated her Fifth Amendment right against compelled self-incrimination.  Plaintiff further asserts that her Sixth Amendment right to counsel was denied in that she was not appointed counsel to represent her at her parole hearing.  These claims are both without merit.

As the Sixth Circuit has indicated, because Plaintiff has no constitutional right to parole or early release from prison, she enjoys "no constitutional right to counsel at [her] parole review hearings."  *Fernandez-Santana v. Chandler*, 1999 WL 1281781 at *2 (6th Cir. Dec. 27, 1999).  As for Plaintiff's claim that she suffered a violation of her right to be free from compelled self-incrimination, the United States Supreme Court has held that testimony at such a hearing is not "compelled" within the meaning of the Fifth Amendment.  *See Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 285-88 (1998); *see also*, *Hawkins v. Morse*, 1999 WL 1023780 at *2 (6th Cir. Nov. 4, 1999) ("it cannot be said that the alleged pressure to admit that he committed the crime for which he is incarcerated in order to improve his chances for parole forces Hawkins to incriminate himself in violation of the Fifth Amendment") (citing *Ohio Adult Parole Auth.*, 523 U.S. at 285-88).

For the reasons discussed above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Default Judgment (Dkt. No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:               RICHARD ALAN ENSLEN
    November 3, 2005               SENIOR UNITED STATES DISTRICT JUDGE